UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAMPIDOGLIO LLC, et al.,

  Plaintiffs,

v.

WELLS FARGO & COMPANY, et al.,

  Defendants.

C12-949 TSZ

ORDER

THIS MATTER comes before the Court on a motion for summary judgment by Defendant Wells Fargo & Company, docket no. 11.  Defendant Wells Fargo Bank, N.A. is not a party to this motion.[1]  Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the Court enters the following Order.

**A. <u>Background</u>**

This is a putative class action arising out of Plaintiffs' loans from World Savings Bank, FSB, secured by deeds of trust in King County.  Plaintiffs allege that Wachovia (which acquired World Savings Bank) and Wells Fargo Bank (which later acquired

---

[1] Wells Fargo Bank filed a separate motion to dismiss, docket no. 14, on different grounds. That motion was granted in part and denied in part.  Order, docket no. 27.

[2] The Court finds that this matter can be decided without oral argument.

ORDER - 1

Wachovia) replaced the original interest index with higher interest indices in violation of the terms of the Notes and state law.  Plaintiffs further allege that Wells Fargo & Company ("the Company"), a financial holding company that owns 100 percent of Wells Fargo Bank ("the Bank"), is directly or indirectly liable under the same claims.

Plaintiffs' action arises from an alleged scheme by Wachovia and later Wells Fargo to inflate interest rates on adjustable-rate mortgage ("ARM") loans from 2007 to present.  Compl., docket no. 1-1, at ¶ 1.  World Savings Bank, FSB originated the loans.  <u>See</u> ARM Notes, docket nos. 13-1 and 13-2.  Wachovia and then Wells Fargo Bank acquired the loans through a series of mergers in 2007 and 2008.  Plaintiffs' took out their loans with World Savings Bank before its acquisition by Wells Fargo.  ARM Notes, docket nos. 13-1 and 13-2.  Plaintiffs challenge the calculation of the interest rates charged on the ARM loans.  Compl., docket no. 1-1, at ¶ 3.  Among other things, Plaintiffs allege that the alternative indices were not approved by the Office of Thrift Supervision ("OTS") as required by the Notes.

The Company moves for summary judgment of dismissal because the Company was not a party to the ARM Notes, the Company did not have direct dealings with Plaintiffs, and the Company did not receive any benefit from Plaintiffs.  Plaintiffs oppose the Company's motion on the merits and, in the alternative, request the Court continue the motion under Fed. R. Civ. P. 56(d) pending discovery.

///

///

**B. <u>Discussion</u>**

ORDER - 2

Plaintiffs allege seven causes of action: four separate breaches of contract, breach of the duty of good faith and fair dealing, violation of the CPA, and unjust enrichment. The first three causes of action and the related portions of the fifth, sixth, and seventh were dismissed based on federal preemption. See Order, docket no. 27. Thus, this motion involves the final claim for breach of contract and the related claims for breach of the duty of good faith and fair dealing, violation of the CPA, and unjust enrichment.

**1. Standard for Summary Judgment**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. Id. at 255, 257. When the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. See Miller v. Glenn Miller Prod., Inc., 454 F.3d 975, 988 (9th Cir. 2006); see also Beard v Banks, 548 U.S. 521, 529 (2006).

///

///

///

**2. Judicial Notice**

ORDER - 3

1  The Company has asked the Court to take judicial notice of a variety of

2  documents.³  The Court takes judicial notice of the ARM Notes and Deeds of Trust

3  (documents 1-5); <u>Castillos-Villagra v. INS</u>, 972 F.2d 1017, 1026 (9th Cir. 1992).  The

4  Court declines to take judicial notice of the remaining documents as unnecessary to

5  decide the motion for summary judgment.

6      **3.  Contract Claims**

7  A breach of contract is actionable only if the contract imposes a duty, the duty is

8  breached, and the breach proximately causes damage to the plaintiff.  <u>Northwest Mfrs. v.

9  Dep't. of Labor</u>, 78 Wn. App. 707, 712 (1995).  The Company contends it was not a party

10  to the notes or a successor of the original lender and therefore cannot be liable for breach

11  of contract.  Mot. for Summ. J., docket no. 11, at 2, 4.  The documents supporting the

12  Company's motion demonstrate that the Company and the Bank are separate entities.

13  Declaration of Rachelle M. Graham (Graham Decl.), docket no. 12, at 1–2.  The

14  uncontested documents also identify World Savings Bank as the originator of the loans,

15  ARM Notes, docket nos. 13-1, 13-2, and the acquisition of the loans by Wachovia and

16  later the Bank.  OTS Letter, docket no. 13-6; OCC Letter, docket no. 13-7.

17

18  Plaintiffs do not present any evidence that suggests there is a genuine issue of

---

[3] The Company listed the following documents in its request: (1) ARM between World Savings Bank and Campidoglio, LLC; (2) ARM between World Savings Bank and San Marco, LLC; (3) Deed of Trust signed by Carmen, LLC; (4) Deed of Trust signed by Campidoglio, LLC; (5) Deed of Trust signed by San Marco, LLC; (6) Letter from OTS authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB; (7) Official certification of the Comptroller of the Currency that Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A. and merged into Wells Fargo Bank, N.A. Docket no. 13, Exs. 1–7.

ORDER - 4

material fact regarding the Company's position in the ARM notes.[4] It is not sufficient to define "Wells Fargo" to include the Company in the Complaint and ascribe the actions of the Bank to the whole. See Compl., docket no. 1-1, at ¶¶ 2, 80, 86, 92, and 98. Consequently, no rational trier of fact could find for Plaintiffs, the non-moving party, in the breach of contract claim because there is no evidence of a contractual relationship between Plaintiffs and the Company.

Nor can Plaintiffs demonstrate a secondary form of liability that would render the Company liable for the Bank's actions. As the Company notes, it cannot be held responsible for the actions of the Bank, its wholly owned subsidiary. See United States v. Bestfoods, 524 U.S. 51, 61 (1998). "[A] parent corporation that actively participated in, and exercised control over, the operations of a subsidiary . . . , without more" is not liable for the subsidiary's actions. Id. at 55. Thus, Plaintiffs' reliance on the biographies and related details of the role of Ms. Callahan and Mr. Oman is misplaced. Even if they

---

[4] Instead, Plaintiffs argue that the Company "was directly involved with and controlled the policies at issue in this case." Pla. Opp'n, docket no. 21, at 7. While Plaintiffs' allegations of the Company's role may be accurate, the Company's "involvement" does not make it a party to the notes in question, which is necessary before the Company has a duty it can breach.

Plaintiffs also argue that this Court should, for reasons of comity, deny the Company's motion for summary judgment based on the order of Judge Conti in Tofighbakhsh v. Wells Fargo & Comp., No. C10-830SC, 2010 WL 2486412 (N.D. Cal. June 10, 2010). Pla. Opp'n, docket no. 21, at 1, 4–6, 11–13. Tofighbakhsh was a Motion to Remand that the Company opposed by arguing that the Company was fraudulently joined. This difference is significant. Not only is there a presumption against fraudulent joinder, but the court must find clear and convincing evidence, Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1209 (9th Cir. 2007), that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Judge Conti's order ultimately rested on the Company's failure "to provide clear and convincing evidence proving that the causes of action against Wells Fargo and Company must obviously fail according to California law." Tofighbakhsh, 2010 WL 2486412, at *3. In this case, there is no clear and convincing standard to satisfy, nor is Judge Conti's finding helpful in resolving the motion for summary judgment on the alleged claims in this case.

ORDER - 5

"actively participated in, and exercised control over, the operations of" the Bank, the Company is still not liable. Id. Moreover, at least in the case of Mr. Oman, he occupied roles in both companies giving rise to the general presumption that directors and officers "are wearing 'their subsidiary hats' and not their 'parent hats' when acting for the subsidiary." Id. at 69. Plaintiffs present no affirmative evidence or issues of fact that would demonstrate the "more" required by the Supreme Court—a broad definition of "Wells Fargo" as including the Bank and the Company is not sufficient.

Similarly, Plaintiffs presented no evidence to support the legal conclusions made in the complaint regarding agency and ratification or authorization of wrongful acts. Complaint, docket no. 1-1, at ¶ 17. Plaintiffs also failed to provide any evidence of a joint venture or aiding and abetting. See id. at ¶ 18. Further, Plaintiffs' opposition does not provide any argument in support of these legal conclusions. See Pla. Opp'n, docket no. 21. The Company, in contrast, demonstrated that the Company is a publicly traded financial holding company that is a separate entity from the Bank, even though the Company directly and indirectly owns all the issued shares of the Bank's stock. Graham Decl., docket no. 12, at ¶¶ 2–3.

There are no material issues of fact which preclude summary judgment as to a valid contract between Plaintiffs and the Company or a secondary form of liability. As a result, summary judgment is appropriate.

///

///

**4.  Breach of Duty of Good Faith and Fair Dealing**

ORDER - 6

The dismissal of the contract claim necessarily leads to the dismissal of the fifth cause of action for breach of the implied duty of good faith and fair dealing. "The duty of good faith implied in every contract does not exist apart from the terms of the agreement." Badgett v. Sec. State Bank, 116 Wn.2d 563, 572 (1991). Because the Company is not a party to the ARM notes, the breach of the covenant of good faith and fair dealing is not tied to a specific contract obligation. See id. Therefore, dismissal of Plaintiffs' claim for breach of the implied duty of good faith and fair dealing is proper.

**5. Violation of the CPA**

The Company also challenges Plaintiffs' CPA claim. See Hangman Ridge Training Stable, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986) (identifying five elements of a private CPA claim). Failure to satisfy even one of the elements is fatal to a CPA claim. Id. at 794–95. The Court notes it has previously held that a significant portion of Plaintiffs' alleged CPA violations are preempted by federal law. Order, docket no. 27, at 21, 23. Thus, the only "unfair or deceptive act or practice" to consider is whether the Company "us[ed] indexes that were not approved for application to the loans at issue by the primary regulator." Compl., docket no. 1-1, at ¶ 114.

The Company argues that it never engaged in unfair or deceptive acts because the Company was not a party to the notes, did not service the notes, and never received any interest from the notes. Mot. for Summ. J., docket no. 11, at 6. The Company also claims that Plaintiffs' injuries were not proximately caused by the Company's acts because of the lack of "direct dealings" between the Company and Plaintiffs. Def. Reply, docket no. 26, at 7. In support of its argument, the Company highlights that the unfair or

ORDER - 7

deceptive acts or practices alleged by Plaintiffs all occur "in servicing" the ARM notes. <u>See id.</u> at 6 (citing Compl., docket no. 1-1, at ¶¶ 112–14).  The Company provides evidence to support its argument that the Company never serviced these loans.  Graham Decl., docket no. 12, at ¶ 3; <u>see also</u> ARM notes, docket nos. 13-1, 13-2; OTS Letter, docket no. 13-6; OCC Letter, docket no. 13-7 (identifying World Savings Bank, Wachovia Mortgage, Wells Fargo Bank Southwest, and Wells Fargo Bank, but not Wells Fargo & Company).

While a CPA claim "may be brought by one who is not in a consumer or other business relationship with the actor against whom the suit is brought," each of the five <u>Hangman Ridge</u> elements must be met.  <u>Panag v. Farmers Ins. Co. of Wash.</u>, 166 Wn.2d 27, 43–44 (2009).  For Plaintiffs' CPA claim of improper loan servicing to survive summary judgment, Plaintiffs must at least provide evidence that the Company serviced the loans.  They have not done so.[5]  At best, Plaintiffs' evidence shows that the Company was involved in oversight and policy-making of the Bank.  <u>See</u> Griffin Decl., docket no. 22, Exs. 3, 5, 8–9.  Due to this failure, Plaintiffs' claim does not demonstrate a genuine issue of material fact that the Company engaged in any act regarding Plaintiffs' loan servicing.  As a result, the claim fails the first and fifth elements of the CPA—unfair or

---

[5] Plaintiffs present no affirmative evidence that the Company serviced the notes and, in so doing, "us[ed] indexes that were not approved for application to the loans at issue by the primary regulator."  Instead, Plaintiffs submit evidence that shows that the Company "oversaw and controlled Wells Fargo Bank, N.A.'s operations . . . and assigned executives to oversee and set the policies that gave rise to the interest rate manipulation."  Pla. Opp'n, docket no. 21, at 3 (citing Declaration of Mark A. Griffin (Griffin Decl.), docket no. 22, Exs. 3, 5, 8–9).  But this evidence does not raise a genuine issue of material fact as to whether the Company serviced the loans in an unfair or deceptive manner, which is the specific violation of the CPA alleged by Plaintiffs.

ORDER - 8

deceptive act or practice and causation.  See Hangman Ridge, 105 Wn.2d at 780.

**6. Unjust Enrichment**

Plaintiffs' final claim is for unjust enrichment, which has three elements.  *Young v. Young*, 164 Wn.2d 477, 484 (2008).  Although the parties fail to address this issue directly, Washington courts have provided a specific rule that resolves this claim as a matter of law.

If the Company is not a party to the loans between Plaintiffs and World Savings Bank and those loans are valid and enforceable contracts, then Plaintiffs cannot pursue an unjust enrichment claim against the Company as a third party for an "amount that is due from another on an enforceable contract."  *Hopkins v. Anderson*, 7 Wn. App. 762, 765 (1972) (citing *Hardgrove v. Bowman*, 10 Wn.2d 136 (1941)).  This long-accepted proposition precludes a claim for unjust enrichment by a contracting party against a third party, even if the third party benefits from the work.  *Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 605 (1943).  Consequently, the claim fails as a matter of law because Plaintiffs are barred from seeking unjust enrichment against a third party when it has an enforceable contract.

**7. Suspension of Summary Judgment**

In the alternative, Plaintiffs contend that summary judgment should be suspended to allow Plaintiffs an opportunity to discover information that is essential to their

ORDER - 9

opposition. Fed. R. Civ. P. 56(d).[6] Courts tend to grant motions to suspend summary judgment when there has been little opportunity for discovery. *See*, *e.g.*, *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). Suspension of a motion for summary judgment is particularly appropriate when documents and witness testimony likely exist that are dispositive of a pivotal issue. *Burlington N. Sante Fe R.R. Co. v. Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). Suspension of summary judgment is not warranted here.

     First, Plaintiffs' alternative motion for suspension is moot as to the unjust enrichment claim. Washington law bars the claim, regardless of the existence of an issue of fact or the possibility that discovery will unearth such an issue of fact. *See Chandler*, 17 Wn.2d at 605 (1943).

     Second, Plaintiffs fail to demonstrate specific facts they hope to elicit in discovery that will justify its breach of contract, breach of the implied duty of good faith and fair dealing, or CPA claims. *See*, *e.g.*, *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (setting out three requirements for suspension of summary judgment). Plaintiffs' submitted documents and declarations never identify any specific facts likely to be unearthed in discovery that would suggest

---

[6] Suspension of summary judgment was renumbered to 56(d) in 2010. Fed. R. Civ. P. 56 advisory committee's note (2010) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). Case law interpreting former Rule 56(f) motions to continue summary judgment remain good law. *See*, *e.g.*, *Nesbitt v. Progressive Nw. Ins. Co.*, C11-2117RSL, 2012 WL 5351846, at *2 (W.D. Wash. Oct. 29, 2012) (citing *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006)); *Spencer v. Peters*, C11-5424BHS, 2012 WL 5388918, at *6 (W.D. Wash. Nov. 2, 2012) (citing *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129–1130 (9th Cir. 2004)).

that the Company either was a party to the Notes or is otherwise liable for the Bank's actions.[7]  Oversight by the Company's directors and officers of the Bank's merger would not change this result.  Similarly, a continuance on summary judgment on the CPA claim is unjustified because Plaintiffs identify no facts that will be discovered to suggest the Company serviced these loans.  *See* Griffin Decl., docket no. 22.

Finally, while the lack of discovery in this case may suggest that Plaintiffs may be unable to provide these specific facts, the key information does not reside solely with the Company.  *See* *Burlington N. Sante Fe R.R.*, 323 F.3d at 774.  Here, Plaintiffs would know of and be capable of providing evidence—in the form of communications between the Company and Plaintiffs—to support their argument that the Company directly serviced Plaintiffs' loan during the alleged scheme.  They have not done so.  Broad definitions and blurring the independence of the Bank and the Company do not create specific facts that are "essential" to Plaintiffs' opposition.

**Conclusion**

There are no genuine issues of material fact relating to Plaintiffs' remaining contract, CPA, and unjust enrichment claims.  The motion for summary judgment, docket no. 11, is GRANTED.

IT IS SO ORDERED.

---

[7] *See*, *e.g.*, Supplemental Declaration of Ali Abtahi, docket no. 22-1, Ex. 8, at 5–7 (discussing the broad merger plans of Wells Fargo and Wachovia in a question and answer format with Ms. Callahan); Declaration of Mark Oman, docket no. 22-2, Ex. 9 (identifying Wachovia Mortgage FSB (formerly known as World Savings Bank FSB), Wachovia Bank N.A. and Wells Fargo Bank, N.A." as the only entities that made decisions impacting the COSI).

1  The Clerk is directed to send a copy of this Order to all counsel of record.

2  Dated this 19th day of November, 2012.

　

　

　　　　　　　　　　　　　　　　　　　　　／s／ Thomas S. Zilly
　　　　　　　　　　　　　　　　　　　　　THOMAS S. ZILLY
　　　　　　　　　　　　　　　　　　　　　United States District Judge

ORDER - 12